UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL A. OCETNIK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 24-cv-2845 (APM) |
| DOUG BURGUM,<br>Secretary of the Interior, | ) ) ) ) | |
| Defendant.[1] | ) ) ) | |

## ORDER

Before the court is Defendant's Partial Motion to Dismiss, ECF No. 12 [hereinafter Def.'s Mot.]. As explained below, the motion is denied.

*First*, because Plaintiff concedes that he is not asserting an age discrimination claim (Count I) based on a non-selection occurring before or after February 23, 2023, Defendant's motion to dismiss based on the non-exhaustion of such claims is denied. Pl.'s Opp'n to Def.'s Mot., ECF No. 15 [hereinafter Pl.'s Opp'n], at 12 (stating that "the complaint is limited to those allegations pertaining to the non-selection from February 2023"). To the extent Plaintiff cites unexhausted non-selections in his complaint, those episodes might be relevant background evidence to support his preserved claim—though the court expresses no firm opinion about admissibility at this time. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Nor does [Title VII] bar an employee from using the prior acts as background evidence in support of a timely claim."); Pl.'s Opp'n at 13.

---

[1] "The Court hereby substitutes the current Secretary of the Interior, Doug Burgum, as the defendant in this matter." See Fed. R. Civ. P. 25(d).

*Second*, although a close call, the court will permit Plaintiff's retaliation claim (Count II) to proceed. The precise adverse action is not identified in the count itself, but the court assumes it is the February 2023 non-selection. *See* Compl., ECF No. 1, ¶ 62 (describing generally "adverse employment action[s]"). Defendant is right to protest that, except for formal complaints filed in 2018 and 2021, Plaintiff does not specify the date of any claimed protected activity. *Id.* ¶¶ 11–13, 57, 60. But at this stage all that is required is a "plausible claim," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and Plaintiff satisfies that standard with his allegation that he "filed repeated complaints of discrimination" from 2018 to 2023, about which "management . . . was well aware." Compl. ¶¶ 12–13. Based on that allegation, the court infers that protected activity occurred close in time to Plaintiff's non-selection in February 2023. At this stage, such pleading is sufficient to establish the element of causation.[2]

Accordingly, Defendant's Partial Motion to Dismiss, ECF No. 12, is denied.

Dated: June 23, 2025

Amit P. Mehta
United States District Judge

---

[2] The court declines to consider Defendant's evidentiary submission that Plaintiff's "responsible management official" lacked knowledge of any EEO activity by Plaintiff. *See* Fed. R. Civ. P. 12(d); Def.'s Mot. at 8.